IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PATRICIA KISER                                                    PLAINTIFF

      v.                           CASE NO.        12-2175

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                DEFENDANT

## MEMORANDUM OPINION

    Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision

of the Commissioner of Social Security Administration (Commissioner) denying his claim for a

period of disability and disability insurance benefits (DIB) and supplemental security income

("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial

review, the court must determine whether there is substantial evidence in the administrative

record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

    The plaintiff filed an applications for SSI on July 1, 2010, alleging an onset date of

January 2, 2003, due to plaintiff's knee pain, back pain, bipolar, schizophrenia, asthma, arthritis,

diabetes, hypertension, morbid obesity, degenerative disc disease and sciatica (T. 146).

Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an

administrative hearing, which was held on April 5, 2011. Plaintiff was present and represented

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

by counsel.

At the time of the administrative hearing, plaintiff was 42 years of age and possessed a 9th grade education.  The Plaintiff  had no past relevant work ("PRW")   (T. 138).

On May 11, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's personality disorder, ADHD, obesity, diabetes mellitus, hypertension, and asthma did not meet or equal any Appendix 1 listing.  T. 18.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform light work with additional limitations.  T. 20.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could  perform the requirements of representative occupation such as  bench worker and maid/housecleaner.  T. 26.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id.*  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the

decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The court has reviewed the Briefs filed by the Parties, the Transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

### A. Step Two:

The Plaintiff contends the she had additional sever impairments that the ALJ did not

consider (ECF No. 8, p. 9).  Once an ALJ finds that a claimant has a "severe" impairment at step two, the ALJ must then consider all impairments, including those that are less than "severe," in determining a claimant's residual functional capacity. See 20 C.F.R. § 404.1545(e); Social Security Ruling (SSR) 96–8p, at *5; see also *Maziarz v. Secretary of Health and Human Serv.*, 837 F.2d 240, 244 (6th Cir.1987) (failure of ALJ to find claimant's cervical condition was non-severe at step two was not reversible error where ALJ also found that claimant had "severe" heart disease so that he could consider the cervical condition in the residual functional capacity determination).

Here, the ALJ found that Plaintiff had severe impairments of personality disorder, attention deficit hyperactivity disorder, obesity, diabetes mellitus, hypertension, and asthma. (T. 18).  At step two, the claimant bears the burden to demonstrate the existence of an impairment or combination of impairments that "significantly limits [the] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). While step two requires only "de minimis" proof of impairment, the claimant must show more than the mere presence of a condition or ailment. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir 2007). Here, Plaintiff failed to meet her burden with regard to any additional severe impairments.

The court also finds that the ALJ specifically considered all of the evidence regarding mental impairments and physical impairments in his functional capacity assessment (Tr. 20-25).

**B.  RFC:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§

-4-

404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 citing *Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

### 1. Development of the Record:

The Plaintiff contends the ALJ failed to properly develop the record. (ECF No. 8, p. 8). The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd*

*v. Sullivan*, 960 F.2d 733, 736 (8th Cir.1992) *(quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)).  The ALJ is not required to act as Plaintiff's counsel. *See Clark v. Shalala*, 28 F.3d 828, 830 (8th Cir. 1994) (ALJ not required to function as claimant's substitute counsel, but only to develop a reasonably complete record); *see also Shannon v. Chater*, 54 F.3d 484, 488 (8th Cir. 1995) ("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial").

The Plaintiff's medical records are significantly lacking and the Commissioner sought a Mental Diagnostic Evaluation by Dr. Kralik (T. 260), a Psychiatric Review Technique (T. 292) and a Mental RFC Assessment (T. 290) by Dr. Brown, a psychiatrist in August 2010.  Dr. Brown's opinion was reviewed an affirmed by Dr. Henderson in November 2010. (T. 309).  The Commissioner also obtained a Physical RFC Assessment by Dr. Payne (T. 287) in September 2010.  Dr. Payne's opinion was reviewed and affirmed by Dr. Thomas in November 2010. (T. 308).

There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994).  There is nothing in the Plaintiff's medical history that would have required the ALJ to re-contact any of her treating physicians and the court finds that the ALJ properly developed the record.

**2.  Credibility:**

The Plaintiff also contends the ALJ did not properly evaluate her credibility. (ECF No. 8, p. 10).  In determining a claimant's RFC, " 'the ALJ must first evaluate the claimant's credibility.' " *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir.2007) (*quoting Pearsall v. Massanari*, 274 F.3d

1211, 1217 (8th Cir.2002)). Assessing and resolving credibility issues is a matter that is properly

within the purview of the ALJ. *Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996) (court will

not substitute its own credibility opinion for that of the ALJ).  As the Eighth Circuit has

observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to

decide."  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  The court should , " defer to

the ALJ's determinations regarding the credibility of testimony, so long as they are supported by

good reasons and substantial evidence." *Perks v. Astrue*  687 F.3d 1086, 1091 (C.A.8

(Ark.),2012).

This court concludes that, because the ALJ gave several valid reasons for the ALJ's

determination that Plaintiff was not entirely credible, the ALJ's credibility determination is

entitled to deference, *see Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir.2012).

### 3.  RFC Determination:

The ALJ determined that the Plaintiff had the RFC to:

> "occasionally lift/carry twenty pounds, frequently lift/carry ten pounds,
> stand/walk for six hours during an eight-hour workday, sit for six hours during an
> eight-hour workday, and frequently climb, balance, crawl, kneel, stoop, and
> crouch. The claimant must avoid concentrated exposure to dusts, odors, gases, and
> chemicals. She can understand, remember, and carry out simple instructions, can
> respond to usual work situations, and can appropriately interact with supervisors.
> She can have incidental contact with co-workers and no contact with the general
> public."  (T. 20).

Dr. Winston Brown, a psychiatrist, determined that the Plaintiff had only moderate to

mild limitations in her functional capabilities due to her mental impairments (T. 302, 290) and

that the Plaintiff was able to "perform work where interpersonal contact is incidental to work

performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few

-7-

variables, little judgment; supervision required is simple, direct and concrete (unskilled)." (T. 290).

Opinions of specialists on issues within their areas of expertise are "generally" entitled to more weight than the opinions of non-specialists (See 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)(5). *Guilliams v. Barnhart* 393 F.3d 798, 803 (C.A.8 (Mo.),2005), 20 C.F.R. § 404.1527) and "We generally give greater weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 416.927(d)(5). See also *Brown v. Astrue*, 611 F.3d 941, 953 (C.A.8 (Ark.),2010).

Dr. Bill Payne, M.D. provided a Physical RFC assessment on September 14, 2010 finding the Plaintiff could lift 20 pounds occasionally, 10 pounds frequently and she could stand and/or walk and sit for up to 6 hours in an 8-hour workday. (T. 281). Dr. Payne's opinion was reviewed and affirmed by Dr. Thomas in November 2010. (T. 308).

The Eighth Circuit Court of Appeals has upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue*, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported RFC finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not conflict with the treating physician's records).

The court finds that the record supports the ALJ's reliance upon the non-treating consultive evaluations in the record.

## C.  Vocational Expert Testimony:

Testimony from a vocational expert ("VE") based on a properly-phrased hypothetical question constitutes substantial evidence.  See *Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996); cf. *Hinchey v. Shalala,* 29 F.3d 428, 432 (8th Cir. 1994) (when hypothetical question does not encompass all relevant impairments, VE's testimony does not constitute substantial evidence to support the ALJ's decision). The ALJ's hypothetical question needs to "include only those impairments that the ALJ finds are substantially supported by the record as a whole."  Id. (citing *Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.1993)); see also *Morse v. Shalala,* 32 F.3d 1228, 1230 (8th Cir.1994).  A hypothetical need not use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments.  Roe v. Chater, 92 f.3d 672, 676 (8th Cir. 1996).

The court finds that the ALJ's hypothetical to the vocational expert (VE) accounted for all of Plaintiff's proven impairments, *see Buckner v. Astrue*, 646 F.3d 549, 560–61 (8th Cir.2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds substantially supported by record as a whole).

## IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision, and thus the decision should be affirmed.  The undersigned further finds that the plaintiff's Complaint should be dismissed with prejudice.

Dated  this October 21, 2013.


/s/ J. Marschewski

HONORABLE JAMES R. MARSCHEWSKI
CHIEF U. S. MAGISTRATE JUDGE